No. 4039.

(Court of Appeal, Parish of Orleans.)

JOHN V. KRAMME vs. CHARLES A. DURGIN.

Where one, sued on an account, the principal item in which is stated to be a "balance of former account rendered," except to the petition as not sufficiently informing him of the nature of the demand, plaintiff should not be allowed to proceed without furnishing the items of debit and credit of which the account producing the balance was composed.

2 An. 395, 13 A. 233.

Appeal from Civil District Court Division D.

P. F. & W. J. Hennessey, for plaintiff and appellee.

Chas. H. Brownlee, for defendant and appellant.

ESTOPINAL, J.   The plaintiff sued to recover of the defendant the sum of two hundred and fifty dollars and forty cents ($250.40), claiming that one hundred and ninety-nine dollars and eighty cents ($199.80) of said amount is due for merchandise, groceries and so forth, represented by tickets or checks furnished the defendant, and that the balance fifty-two dollars and sixty cents ($52.60), represents a balance for liquors, etc., sold and delivered the defendant.

Plaintiff has filed as part of his petition, an itemized statement.   Defendant interposed an exception of vagueness, which was overruled by the District Judge.

On the merits judgment was rendered in favor of the plaintiff for one hundred and ninety-nine dollars and eighty cents ($199.80), the grocery account, and defendant's peremptory plea of prescription sustained as to the liquor account of fifty-two dollars and sixty cents ($52.60).

Defendant's appeal is predicated mainly upon the overruling of his exception of vagueness, etc., and the ruling below on the merits on questions of evidence in reference to the unitemized portion of the account.   Among the causes of exception defendant averred: "That he is entitled to have an itemized statement, giving day and date of the alleged merchandise purchased from plaintiff, and also of the account of

58

one hundred and thirty-four dollars and fifty-five cents ($134.55), charged as balance, giving day and date, and what the merchandise consisted of, etc., etc. On the trial on the merits the defendant interposed timely objection to any evidence tending to make out a case against him, predicated on the itemized statement filed by plaintiff, beginning with the item of one hundred and thirty-four dollars and fifty-five cents ($134.55), referred to in the statement as "balance September 7, '03."

Defendant's objection was overruled, to which ruling he excepted. In this we think the trial judge erred.

Defendant was not entitled, as he claimed, to an itemized statement containing day and date and character of merchandise purchased, because the evidence shows that the plaintiff grocer issued checks, and charged these to the defendant who used them in making purchases. The use of the check can be likened to cash purchases, and obviated the necessity of noting the character of each purchase. Defendant was entitled to know, however, the amount in detail as well as the several dates of the issuance of said checks, and this information he has been denied by the refusal of the lower court to have plaintiff's books produced in Court. Now, we are informed that a pass-book issued defendant was exhibited during the trial below, and that it contained all the information which could be derived from the plaintiff's books. This may be, but we have not this pass-book before us, it not having been made part of the record in the case, and in its absence we can assume nothing.

The Supreme Court has adjudicated upon precisely the point involved here, and its conclusion is so clearly enunciated that in Ledoux vs. Goza 2 A. 395, the Court said : "Where one sued on account, *the principal item in which is stated to be a 'balance of former account as rendered,'* excepts to the petition as not sufficiently informing him of the nature of the demand, plaintiff should not be allowed to proceed without furnishing the items of debit and credit of which the account producing the balance was composed."

In the case at bar plaintiff was permitted to proceed without furnishing the items of debit and credit, which produced the item "balance $134.55 Sept. 7, '03," and this was error. We have examined the record carefully, and see no reason to disturb the judgment insofar as it sustains the plea of pre-

scription as to the item of fifty-two dollars and sixty cents ($52.60), nor so far as it gives judgment for plaintiff for the items detailed in the statement of the account subsequent to the item "Sept. 7, '03, balance $134.55," which said items aggregate the sum of $65.25.

It is therefore ordered, adjudged and decreed, that the judgment appealed from be amended by reducing the same from one hundred and ninety-nine dollars and eighty cents ($199.80) to sixty-five dollars and twenty-five cents ($65.25), and as thus amended the judgment is affirmed, plaintiff to pay costs of appeal.

November 19, 1906.

Rehearing refused Dec. 3, 1906.

Notice to apply for writ Dec. 19, 1906.